### CHEW vs. CHINN.

If a suit be irregularly commenced in the *juicio executivo* and afterwards turned into the *juicio ordinario,* the plaintiff tho' he should succeed, must pay the costs of the executory proceedings.

Parol evidence is admissible to shew a payment was made, *in a note,* where the receipt in writing expressed generally that the debt had been paid.

APPEAL from the court of the third district, the judge of said district presiding.

PORTER, J. delivered the opinion of the court. The plaintiff commenced this action by an injunction praying to arrest an order of seizure and sale which the defendant had obtained against him. The grounds laid in the petition are: various informalities in the proceedings, and the sum due being less than that for which the order issued.

There are only one of these objections which require particular notice from the court.

The defendant owed the sum of $18,000, payable in three equal instalments. The two first were settled and discharged by payment

and a note of the defendant's for $1741 75. This note, together with the last instalment of the $18,000, were transferred to the plaintiff, and the order of seizure and sale was granted by the court for the balance alleged to be due on the obligation for $6000 secured by authentic act, and the note of $1741 75 *sous seinq prive.* In this we think there was error. The note last mentioned, given and accepted in discharge of the balance due on the second instalment, was a personal not an hypothecary obligation, and did not enable the holder to enforce it by the executory process.

The defendant however urges that these irregularities are no longer a subject of examination, because the parties have joined issue on the allegations contained in the petition for an injunction: The suit has been turned from the *juicio executivo* into the *juicio ordinario;* there has been a trial on the merits, and judgment.

This position is correct so far as to prevent the subsequent proceedings in the *juicio ordinario* from being irregular, in consequence of the illegal manner in which the *juicio executivo* commenced. But it would be unjust and

Eastern Dist
*March*, 1829.

CHEW
*vs.*
CHINN.

When a debt is assigned as collateral security, the holder becomes agent for the collection, and the nett amount after deducting costs and other charges should be credited. If counsel make a personal contract for their fee with the assignor of a debt they can not claim payment from the assignee. An assignment of a mortgage debt, does not carry with it a promise to pay ten per cent. to the transferror for an extension of credit which had expired at the time of the transfer.

contrary to law to make the plaintiff responsible for the costs occasioned by the defendant taking out an order of seizure and sale where he was not entitled to it. They must be borne by the party through whose fault they were occasioned.

On the trial of the merits, the court below gave judgment against the plaintiff in injunction for the sum of $2,977 5, with interest thereon from the 3d of July, 1827, until paid, rejecting the note of $1741 75. With this judgment both parties appear to be dissatisfied. The plaintiff has appealed from it; and the defendant has prayed that it may be so amended, as to include the note still due for the balance of the second instalment.

A bill of exceptions was taken by the defendant to the rejection of a witness to prove that the note of the plaintiff for $1741 75 grew out of the mortgage transaction, and was in part payment of the second instalment. The court would not admit the evidence, because it contradicted the receipt of the former holder of the obligation that it had been paid. That receipt on referring to it does not state in what manner the payment had been made, and tho'

strictly speaking the acceptance of a new debt
for the old was rather a novation, than a pay-
ment, yet we know that in common understand-
ing, where a note is given for another debt
which by agreement of parties is to be extin-
guished by it, that this extinguishment is con-
sidered by them as a payment, and called such.
We therefore think the court erred in reject-
ing the witness. His testimony was not offer-
ed to prove that no payment had been made,
but the manner in which that payment had
been effected. It did not in any manner con-
tradict the receipt, nor impair its legal effect.
As it did not, it is unnecessary to remand the
cause to procure the proof; for had it been re-
ceived, the legal rights of the parties would
have been the same, as they are now presented
without it.

The principal questions in the cause, relate
first to the alleged error of the court in not gi-
ving judgment for this note, and second in not
allowing sufficient credit to the plaintiff in in-
injunction on the payments made by him.

As the latter form the ground of complaint
of the appellant, they will be first examined.

The plaintiff previous to the assignment of

his obligation to the defendant, had placed in the hands of Johnson the assignor, as collateral security a debt of one Balfour, secured by mortgage. The collection of this debt was attended with considerable difficulty, and suits of different kinds grew out of the attempt to enforce its payment. The defendant in giving credit for the moneys made has deducted the costs of court, and the fees paid to counsel for advice, and other professional services attending the collection. Of this the plaintiff complains. He insists that the whole amount received should be credited to the obligation due by him, and that the sums expended in collection should be considered as a personal obligation on his part. On general principles this demand is certainly unfounded. When a debt is assigned as collateral security, the holder becomes agent for the collection, and the nett, not the gross, sum should be credited, as was decided in the case of *Johnson & al.* vs. *Sterling*. 3 *n. s.* 486.

But in this instance part of the fees deducted stand on particular grounds. One of them, that to Turner, never has been paid. The assignor of the debt, Johnson, swears that when

he employed him he told him the plaintiff in this suit would pay him, and that if he did not he, Johnson, would. There is no ground then for deducting the amount due Turner. It is either a debt of the plaintiff's or Johnson's; nothing shews the defendant to be responsible for it. Another deduction made for the fee paid to Woodruff is also specially circumstanced. He swears that he was employed by the plaintiff. Now if counsel make a personal engagement with a party interested in a suit, and on his request appear in it, they have no right to demand payment for their services from another party to the action who may be benefitted by them. The promise therefore by the def ndant to pay the counsel after he had been engaged by the plaintiff, and the subsequent payment, were entirely gratuitous, and though they may furnish him with a claim for reimbursement from plaintiff for money paid and expended for his use, the sum thus paid does not form a portion of the expenses necessarily incurred in the collection, and did not authorize him to divert the application of the funds in his hands from the extinction of a debt which the plaintiff had a greater interest to discharge.

Eastern Dist *March* 1829.

CHEW
*vs.*
CHINN.

With regard to the other fees and expenses, the evidence does not shew any thing which takes them out of the general rule, and they were therefore properly deducted in the court of the first instance. *C. Code*, 2153.

The next question in the cause is the right of the appellee to have the judgment below so amended as to give him a judgment for the note of $1741 75.

We think it ought. The note it is true is only put at issue for the purpose of ascertaining whether the order of seizure and sale properly issued. But as the proceedings were afterwards turned into the *juicio ordinario,* judgment should be given for the creditor in that right in which the evidence shews the money to be due. The proof established that the note is due and unpaid.

The plaintiff requires interest at ten per cent. in consequence of an engagement entered into by the plaintiff with Charles G. Johnson, in 1821, in which he promised that in case the credit of the three notes then due by him were extended one year he would in lieu of $6000 pay at the end of each annual instalment the sum of $6600. In the contract there is a

clause "that nothing therein contained shall in any manner interfere with, invalidate, or prejudice the mortgage with which the full and final payment of the said sums is secured."

The assignment to the defendant acknowledges the receipt of $6000, and transfers to him all the assignor's interest *in the mortgage.* We do uot think that by this contract, the obligation to pay $600 for indulgence which had expired before the assignment, conveyed to the defendant the transferor's interest in a personal debt.

We can discover no error in the judgment of the court below in relation to credits, or calculation, except in the deduction of the fees of Turner and Woodruff, which appear to be $330 10.

It *is* therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the defendant do recover from the plaintiff the sum of two thousand six hundred and forty-six dollars ninety-four cents, the balance due on a note of Samuel Chew in favor of Charles G. Johnson, dated the 7th Nov. 1818, and paya-

ble on the first day of February, 1822, for $6000, secured by mortgage of date the 7th of November, 1818; and it is further ordered that the premises hypothecated to secure the payment of said note be seized and sold to satisfy this judgment.

It is further adjudged and decreed, that the defendant do recover of the plaintiff another sum of seventeen hundred and forty-one dollars seventy-five cents, with interest from judicial demand; the costs incurred by the taking out the order of seizure and sale, and those of appeal, to be paid by the appellee. The other costs in the cause to be paid by the appellant.

*Turner* for plaintiff—*Watts* for defendant.